UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GERSON ARREOLA                                  CIVIL ACTION

VERSUS                                          NO: 05-2788

EPIC DIVERS, INC., ET AL.                       SECTION: "A" (5)

### ORDER AND REASONS

Before the Court is a **Motion in Limine (Rec. Docs. 128)** filed by plaintiff Gerson Arreola and opposed by defendants Epic Divers, Inc. ("Epic") and Horizon Vessels, Inc., Horizon Offshore, Inc., and Horizon Offshore Contractors, Inc. (collectively "Horizon"). Plaintiff is seeking to exclude in part the testimony of Kenneth J. Boudreaux, Ph.D. ("Boudreaux"), Defendants' expert economist. Defendants have retained Boudreaux to opine regarding Plaintiff's claim for lost wages.

Plaintiff's complaint regarding Boudreaux's report is limited solely to Boudreaux's assertion that Plaintiff's worklife expectancy (the potential loss period) as a commercial diver is properly fixed at 5 years from the date of his accident. Boudreaux derived the 5 year estimate from a July 1993 case study compiled by Louisiana State University's Department of Quantitative Business Analysis for the benefit of the Association of Diving Contractors,

Inc.  In his report Boudreaux noted that if Plaintiff's alleged impairment precludes him only from diving for a living, as opposed to undertaking a non-diving occupation, then any future wage loss calculation should be based on Plaintiff's remaining estimated worklife as a diver.  (Pla. Exh. A, at 2).  In other words, using U.S. Department of Labor worklife statistics for Plaintiff's age, gender, and education level would be appropriate only if Plaintiff claims that his accident rendered him totally disabled from *all* future employment, including non-diving occupations.

Plaintiff argues that the LSU study does not satisfy the requirements of Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), because no other court has ever ruled upon its admissibility, and because it has never been published or subject to peer review.  Plaintiff also argues that the timeframe reflected in the report (1975-1992), which was supposedly one of very unfavorable economic conditions for divers, does not correlate with today's conditions.  Plaintiff asserts that the case study is simply unreliable.

In opposition, Defendants argue that Plaintiff has not stated any viable basis for his contention that the case study is unreliable under Daubert.  Defendants argue that Boudreaux will establish the reliability of the study at trial. Defendants claim that it is commonly known that the commercial diving occupation is not one that persons normally pursue into their fifties and sixties

2

and that Boudreaux will testify to this fact at trial.  Defendants contend that Plaintiff's objections should go only to the weight of Boudreaux's opinion and not to its admissibility.

Federal Rule of Evidence 702 provides in relevant part:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise . . . .

Fed. R. Evid. 702.  District courts have wide latitude in determining the admissibility of expert testimony under Rule 702. Watkins v. Telsmith, Inc., 121 F.3d 984, 988 (5th Cir. 1997) (quoting Eiland v. Westinghouse Electric, 58 F.3d 176, 180 (5th Cir. 1995)).

As the Court appreciates this case, Plaintiff's claim is that his decompression illness has ended his career as a commercial diver.  Plaintiff does not claim that his accident rendered him totally disabled from *all* future employment, including non-diving occupations. Nevertheless, Plaintiff's condition has deprived him of *the choice* he once had about whether to continue diving commercially until the end of his "regular" worklife, i.e., the worklife estimate based upon U.S. Department of Labor statistics for all occupations.  Plaintiff's loss of choice is particularly significant because the LSU study establishes that most divers leave the profession *voluntarily*.  The study suggests that the

3

diving industry experiences a high dropout rate early in the diving career.  Interestingly, the study does *not* establish that age or injury are more likely to prematurely terminate a diver's career than any other worker's non-diving career.

The LSU study merely compiles survey data from a relatively short period of time and for the few companies that agreed to participate and it does not follow individual divers throughout their careers.  The study, which is based on an informal survey of events from 1975-1992, has not been published or subject to any type of peer review.  Those factors are not determinative of the Daubert analysis but Plaintiff's points on the subject are well taken.

The proponent of expert testimony has the burden of establishing that it is reliable. United States v. Hicks, 389 F.3d 514, 525 (5th Cir. 2004) (citing Moore v. Ashland Chem., Inc., 151 F.3d 269, 276 (5th Cir. 1998)).  As a practical matter Boudreaux cannot establish that the study is reliable because he knows no more about the study than what is contained in its pages. Further, the Court questions whether it is commonly known that the commercial diving occupation is not one that persons normally pursue into their fifties and sixties and testifying to such an assertion would be beyond Boudreaux's expertise as an economist. In fact, given Boudreaux's impressive credentials, if the jury learns about the LSU study from his lips then it will surely give

4

more credence to the report than what it could ever garner on its own.  It would simply be unfair to allow Defendants to use the study to put the burden on Plaintiff to convince the jury that unlike other divers in past years he would not have voluntarily dropped out of diving.  Again, unlike other divers who might voluntarily choose to end their careers, the Plaintiff's career has ended not by choice but by necessity given his injury.  He is entitled to the presumption that he would have spent his entire worklife as a diver.

In sum, Boudreaux will not be allowed to testify regarding any type of reduced worklife expectancy for divers because that is not his area of expertise and any testimony regarding the LSU study is specifically excluded because the Court in not convinced that it is reliable.  Defense counsel can certainly question Plaintiff about his future plans and whether he had intended to spend his entire worklife diving if not for his injury.

Accordingly;

**IT IS ORDERED** that the **Motion in Limine (Rec. Docs. 128)** filed by plaintiff Gerson Arreola should be and is hereby **GRANTED**.

December 5, 2006

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

5